**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **SERINA SPONAUGLE**<br>**KENNETH SPONAUGLE,** *individually*<br>  *and o/b/o* **SUZANNA SPONAUGLE** | **CIVIL ACTION NO. 08-1214** |
| **VS.** | **JUDGE DOHERTY** |
| **DOLGENCORP, INC.**<br>**DOLLAR GENERAL CORP.** | **MAGISTRATE JUDGE METHVIN** |

*MEMORANDUM RULING*
*(Rec. Doc. 8)*

Defendant Dollar General Corporation removed this slip and fall case from the 15th Judicial District Court, Lafayette Parish, on August 19, 2008, based upon diversity jurisdiction.

Before the court is a motion to remand and for attorney fees filed by plaintiffs.[1] Plaintiffs contend that this matter was improperly removed, in that Dollar General knew or should have known at the time of removal that the matter in dispute does not exceed $75,000. The record shows that the original complaint as well as the amended complaint requested a bench trial, and stated that defendants had no right to trial by jury because the matter in controversy was less than $50,000.

On September 10, 2008, all parties, including defendant Dolgencorp, Inc., filed a "Consent Motion to Remand," attached to which is the plaintiffs' Irrevocable Stipulation of Damages that the amount in controversy at the time of removal did not exceed seventy-five thousand ($75,000) dollars.[2] The parties agree that based on plaintiffs' stipulation, the amount

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 11, Exhibit 1.

in controversy is insufficient under 28 U.S.C. § 1332, and this court lacks subject matter jurisdiction.

The jurisdictional amount must be assessed at the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). A stipulation will be considered only insofar as it sheds light upon the amount in controversy at the time of removal. Allen v. R & H Oil and Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Considering the foregoing, the undersigned concludes that remand is appropriate.

The parties have agreed to bear their own costs incurred due to the removal, and therefore plaintiffs' motion for attorneys' fees will be denied as moot.[3]

Signed at Lafayette, Louisiana, on September 19, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[3] *Consent Motion to Remand* (rec. doc. 11).